IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SVANACO, INC. d/b/a americaneagle.com, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-11639 |
| | ) | |
| JONATHAN BRAND, | ) | Hon. Andrea R. Wood |
| MARTY GILMAN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
AGREEMENT WITH DEFENDANT MARTY GILMAN, INC.**

Plaintiff, Svanaco, Inc. d/b/a americaneagle.com ("Svanaco"), by its attorneys, for its Motion to Enforce Settlement Agreement with Defendant Marty Gilman, Inc. ("MGI"), states as follows:

1. On February 5, 2020, Svanaco and MGI participated in a settlement conference with Magistrate Judge Susan Cox.

2. At the settlement conference, Svanaco and MGI came to an agreement, the basic terms of which were memorialized and agreed to in the document attached hereto as Exhibit A (the "Term Sheet"). As evidenced in the Term Sheet, the agreement between the parties included a concession by Svanaco that MGI could make its payment to Svanaco in twelve equal monthly installments.

3. Based on the Term Sheet, Plaintiff's counsel drafted a final version of a Mutual Release and Settlement Agreement and tendered it to counsel for MGI on February 19, 2020. A copy of that version is attached hereto as Exhibit B.[1]

4. Although not included in the Term Sheet, Plaintiff made clear at the settlement conference that because the payment to Svanaco would be made over time, the final agreement needed to have provisions addressing breach of the agreement, an opportunity for cure, and consequences of a failure to cure. Plaintiff included such terms in the draft of the Mutual Release and Settlement Agreement tendered to MGI.

5. At a status hearing before this Court on February 27, 2020, counsel for MGI represented to the Court that it had very minor changes to the Mutual Release and Settlement Agreement and would provide a redlined draft to counsel for Svanaco by close of business on March 2, 2020.

6. MGI did not tender a redlined version of Plaintiff's draft of the Mutual Release and Settlement Agreement on March 2, 2020, as represented. Instead, counsel for MGI tendered a wholly new Mutual Release and Settlement Agreement to counsel for Svanaco on March 16, 2020.

7. The MGI version of the Mutual Release and Settlement Agreement pushed out the date for the first payment until July 1, 2020. Contrary to the Term Sheet, it did not include a mutual non-disparagement clause but instead required

---

[1] The amount of consideration agreed to by the parties has been redacted in both Exhibits A and B to maintain agreed-upon confidentiality. Plaintiff will file the non-redacted versions with the Court if requested.

Svanaco—but not MGI—to agree to a non-disparagement provision. It also did not include any provisions for breach of the agreement, opportunity to cure, or consequences of a failure to cure. In addition, MGI removed the language in the release that made clear that Svanaco's release of MGI could not be construed to include Defendant Jonathan Brand. *See* Ex. B at ¶ 4.

8. Svanaco is especially concerned about MGI's removal of that release language and the non-disparagement provision as it applies to MGI given the nature of the claims here. At Brand's deposition on February 22, 2018, it was apparent that Neil Gilman, MGI's President, has maintained a relationship with Brand. Svanaco is concerned that if there is no non-disparagement clause in the Mutual Release and Settlement Agreement, Gilman will team up with Brand once again and they will continue their campaign of defamation.

9. Svanaco is willing to be reasonable given the circumstances surrounding the COVID-19 pandemic, and would agree to push out the start date of the settlement payments to May 1, 2020, consistent with other extensions of deadlines included in the Northern District of Illinois's General Orders. The pandemic is not a reason, however, to renege on agreements that were made and should have been finalized weeks ago, as MGI represented they would be.

WHEREFORE, plaintiff Svanaco, Inc. d/b/a Americaneagle.com, respectfully requests that this Court enforce the settlement agreement between Svanaco and MGI, order Svanaco to abide by the terms of the Mutual Release and Settlement

Agreement as memorialized in Exhibit B hereto, and grant such other and further relief as may be just and proper.

                                  Respectfully submitted,

                                  **SVANACO, Inc. d/b/a americaneagle.com,**

                        By:    /s/ Cynthia H. Hyndman
                                  One of its Attorneys

Cynthia H. Hyndman
Robert L. Margolis
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Dr., Suite 1700
Chicago, Illinois 60606
(312) 663-3100 (telephone)
(312) 663-0303 (fax)
chyndman@robinsoncurley.com
rmargolis@robinsoncurley.com

## CERTIFICATE OF SERVICE

I, Cynthia H. Hyndman, an attorney, hereby certify that I caused a copy of the foregoing **PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT WITH DEFENDANT MARTY GILMAN, INC.** to be served on all counsel of record by electronic transmission via CM/ECF, as well as to Defendant Jonathan Brand by emailing it to jbrand1978@aol.com on March 25, 2020.

/s/ Cynthia H. Hyndman